UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

BRENO LEAO and RUIMAR LEMOS            )
                                       )
    Plaintiffs,                        )
                                       )
        v.                             )
                                       )
FIVE STARS CONSTRUCTION, INC., TOLL BROTHERS, INC.  )
& ALEXANDER MIRANDA
                                       )
                                       )
    Defendants.                        )
                                       )

---

## COMPLAINT

1. Plaintiffs labored as construction workers for Defendants, but did not receive just compensation for their work. The Defendants willfully and repeatedly violated their legal obligations to the Plaintiffs by failing to pay Plaintiffs for work already completed and by failing to pay overtime. Neither Plaintiff has received full compensation for his labor. In addition, Plaintiff Ruimar Lemos has incurred out-of-pocket expenses as a result of Defendants' failure to reimburse him for work expenses.

2. The Plaintiffs attempted to come to a resolution without litigation by confronting their employers about the unpaid wages. Plaintiff Ruimar Lemos repeatedly asked for payment and reimbursement. Plaintiff Breno Leao quit after four months of not being paid and re-joined the company upon further promises of payment which went unfulfilled. Plaintiffs now bring this action to recover unpaid wages and other compensation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 USC § 1331 and the Fair Labor Standards Act, 29 U.S.C. § 216(b). Defendants employed Plaintiffs to work on construction sites in Rhode Island and Massachusetts, but hired and paid Plaintiffs in Connecticut.

4. This court also has supplemental jurisdiction over the Plaintiffs' state claims pursuant to 28 U.S.C. § 1367, in that the claims share a common nucleus of operative facts with the federal claim.

5. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b), as Plaintiffs were employed and paid within this district and traveled outside of it merely for work, and Defendants are located, reside, or do business in this district. Plaintiffs reside within this district.

## PARTIES

6. Plaintiffs Ruimar Lemos and Breno Leao (collectively "Plaintiffs") are former employees of Five Stars Construction, Inc. (Five Stars). Plaintiffs worked as construction laborers. They provided manual labor on housing construction projects assigned to them by Five Stars.

7. Plaintiffs reside in Connecticut.

8. Defendant Five Stars Construction, Inc. is an incorporated company that registered in Connecticut in August 2009.

9. Defendant Five Stars Construction, Inc. formerly operated a business that contracted with building companies to provide labor for construction projects. Defendant's office was located at 36 Francis Street in Trumbull, Connecticut.

10. On information and belief, Defendant Five Stars no longer operates construction work.

11. Defendant Toll Brothers is a national homebuilder company and currently operates in nineteen states, including Connecticut, Rhode Island, and Massachusetts.

12. Defendant Alexander Miranda was the owner of Five Stars and on information and belief resides in New Haven, Connecticut.

13. Defendant Toll Brothers assigned project managers that closely monitored and supervised Plaintiffs' work for customer satisfaction. Additionally, Plaintiffs did work exclusively for Toll Brothers, Inc. by way of Five Stars, making Toll Brothers, Inc. a joint employer of Plaintiffs.

## STATEMENT OF FACTS

*Ruimar Lemos*

14. Plaintiff Ruimar Lemos was hired to work by Defendant Alexander Miranda in July 2005. On information and belief, at this time, Five Stars operated under the name New Place, under different ownership.

15. Defendant Alexander Miranda agreed to pay Ruimar Lemos $19.00 per hour to provide one category of service. This agreement was reached through oral contract.

16. Ruimar Lemos worked six days a week as a carpenter for Defendant Alexander Miranda and Defendant Five Stars. The times would vary. In warmer months, he would work from 7 a.m. to 7-8 p.m. with 30 minutes for lunch, unpaid. In colder months, he would work from 7 a.m. to around 4 p.m. because of oncoming darkness.

17. Ruimar Lemos worked his way up to a managerial position, and would act as a supervisor at construction sites for 6-8 people.

18. Defendant Alexander Miranda and Defendant Five Stars would pay Ruimar Lemos month to month. In August 2010, Ruimar Lemos did not receive full payment for his employment.

19. Between August 2010 and August 2011, Ruimar Lemos did not receive full payment for his employment by Defendant Alexander Miranda and Defendant Five Stars. Compensation for Ruimar Lemos from Defendant Alexander Miranda and Defendant Five Stars varied week to week, ranging from zero payment for weekly employment to over half of expected payment for weekly employment.

20. Between August 2010 and August 2011, Ruimar Lemos did not receive payment by Defendants Five Stars and Alexander Miranda for 533 hours of employment, totaling $10,127 in unpaid wages.

21. In addition, in December 2010, Ruimar Lemos received two separate checks, for a total of $7,611, from Defendant Alexander Miranda. Due to insufficient funds in the Five Stars bank account, Ruimar Lemos was unable to cash these checks. For this reason, he returned the checks to Defendant Alexander Miranda.

22. On numerous occasions, Defendant Alexander Miranda assured Ruimar Lemos that Defendant would pay him all of his unpaid wages. However, Defendants did not pay Ruimar Lemos as promised by Defendant Alexander Miranda.

23. Additionally, Defendants owe Ruimar Lemos an additional $5,656 for out of pocket expenses incurred during employment, which are the following: $2,000 for gas and Home Depot purchases, and $3,656 in payments he made to two other employees at Defendant Alexander Miranda's request. At this time, the total amount owed to Ruimar Lemos was $23,394.

24. In April 2013, Defendant Alexander Miranda paid Ruimar Lemos $10,000 out of the total amount of unpaid wages owed.

25. In total, Ruimar Lemos is owed $13,394 by Defendants.

26. Ruimar Lemos stopped working for Defendants at the end of 2011.

27. Ruimar Lemos worked for Defendants Alexander Miranda, Five Stars, and Toll Brothers in Rhode Island, Connecticut, and Massachusetts, but was hired and paid in Connecticut. All uncompensated work was performed at construction sites managed by Toll Brothers.

**Breno Leao**

28. Plaintiff Breno Leao was hired to work by Defendant Five Stars in 2008. On information and belief, at this time, Five Stars operated under the name New Place.

29. Defendant agreed to pay Breno Leao $16.00 per hour to provide one category of service.

30. When Breno Leao began working for Defendant, he worked approximately 41 hours per week, six days per week.

31. Beginning in October 2010 until January 2011, Breno Leao did not receive full payment for his employment.

32. On numerous occasions, Defendant Alexander Miranda assured Breno Leao that Defendant would pay him all of his unpaid wages. However, Defendants did not pay Breno Leao as promised.

33. In August 2011, Breno Leao agreed to work for Five Stars again on the express condition that Defendants Five Stars and Alexander Miranda pay him back for his unpaid wages.

34. During this time, Defendant Five Stars paid him $2,150 in back wages for hours worked, but Breno Leao has still not received payment for 511 hours of work.

35. Plaintiff Breno Leao stopped working for Five Stars in January 2012, once it became apparent Defendant Alexander Miranda had no intention of paying him back the full amount of the money owed.

36. In total, Breno Leao has not received approximately $8,170 in wages and fees owed to him by Defendants.

37. Breno Leao stopped working for Defendants in January 2012.

38. Breno Leao worked for Defendants in Rhode Island and Massachusetts, but was hired and paid in Connecticut.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

39. The allegations in the preceding paragraphs of this complaint are incorporated by reference, as though pleaded in full therein.

40. Plaintiffs bring this claim under 29 U.S.C. § 206 and 29 U.S.C. § 207 of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, against all Defendants.

41. At all relevant times, Defendants Five Stars Construction, Toll Brothers, Alexander Miranda, have been "employers" within the meaning of FLSA § 203(d). At all relevant times, Defendants employed Plaintiffs within the meaning of FLSA § 203(g). At all relevant times, Plaintiffs were employees of Defendants within the meaning of FLSA § 203(e).

42. At all relevant times, Defendant Toll Brothers was a "joint employer" within the meaning of FLSA § 203(d) with Defendants Alexander Miranda and Five Stars. Defendant Toll Brothers maintained presence at all job sites at all times, supervised the construction sites, and provided equipment and tools. At all times plaintiffs were engaged in an integrated process of production or overall business objective of Toll Brothers and Five Stars at premises managed by Toll Brothers.

43. At all relevant times Five Stars Construction, Inc., and Toll Brothers, Inc., were enterprises engaged in "commerce" or in the production of goods for "commerce" within the meaning of FLSA § 202(a) and FLSA § 203(b).

44. Defendants paid Plaintiffs for their services and labor at a rate below the applicable minimum hourly wage, in violation of the FLSA, 29 U.S.C. § 206.

45. Defendants, knowingly and in bad faith,
    a) Failed to pay applicable minimum fair hourly wage due to Plaintiffs for hours worked, in violation of FLSA § 206(a).
    b) Failed to pay applicable fair hourly wage for hours worked past forty hours weekly at a rate of one and one-half times regular hourly pay, in violation of FLSA § 207(a).

46. At times, Defendants failed to pay Plaintiffs any compensation for work performed.

47. Because Defendants either knew or showed reckless disregard for the fact that their actions violated FLSA, Defendants' violations of FLSA were willful and subject to a three-year statute of limitations pursuant to § 255(a). In addition, Defendants knew they were violating FLSA when they refused to pay Plaintiffs any money at all for time worked.

48. As a result of these violations, Plaintiffs suffered damages.

49. Defendants are jointly and severally liable to Plaintiffs for these violations of their rights under federal law.

50. Plaintiffs are entitled to an award of damages for unpaid wages, plus liquidated damages in an equal amount and interest, as well as attorneys' fees, in an amount to be determined at trial. FLSA § 216(b).

## SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

51. The allegations in the preceding paragraphs are incorporated by reference, as though pleaded in full herein.

52. In the alternative, Plaintiffs' second claim for relief is for breach of contract.

53. Defendants collectively entered into oral and/or written and/or implied contracts with Plaintiffs and each party's acceptance was supported by good and valuable consideration.

54. Plaintiffs fulfilled their contractual obligations by laboring for the benefit of Defendants.

55. Defendants breached the contracts with Plaintiffs by failing to pay contractually established wages for work performed by Plaintiffs.

56. Because of Defendants' breach of contract, Plaintiffs suffered from a loss of expected wages.

57. Plaintiffs are entitled to damages for Defendants' contract breaches for three years after the right of action accrues, pursuant to Conn. Gen. Stat. §§ 52-581.

58. Each Plaintiff is entitled to recover damages in the amount of the difference between the wages promised to him and the wages actually paid to him.

### THIRD CLAIM FOR RELIEF
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

59. Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

60. Defendants collectively entered into written and/or oral and/or implied contracts with Plaintiffs and each party's acceptance was supported by good and valuable consideration.

61. Plaintiffs fulfilled their contractual obligations by laboring for the benefit of Defendants.

62. Defendants, in bad faith, denied Plaintiffs the benefit of the contract by failing to pay the contractually established wages.

63. Defendants' bad faith is demonstrated by Defendants' repeated failure to pay contractually required wages, repeated failure to reimburse Plaintiff Ruimar Lemos for work-associated costs, and repeated failure to pay wages owed in a statutorily mandated timely fashion to the detriment of Plaintiffs.

64. Because of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiffs suffered from a loss of expected wages.

65. Plaintiffs are entitled to damages for Defendants' contract breaches for three years after the right of action accrues, pursuant to Conn. Gen. Stat. § 52-581.

66. Plaintiffs are entitled to monetary damages equal to the amount specified in contracts entered with Defendants.

### FOURTH CLAIM FOR RELIEF
### **QUANTUM MERUIT**

67. The allegations in the preceding paragraphs of this complaint are incorporated by reference, as though pleaded in full herein.

68. If no remedy is available based on contract, then the Plaintiffs are entitled to recover based on *quantum meruit*.

69. Each Plaintiff performed work that benefited the Defendants.

70. The Plaintiffs' work was performed with the knowledge and consent of the Defendants.

71. The Defendants unjustly failed to pay the Plaintiffs for the benefits received.

72. This failure to pay was to the detriment of the Plaintiffs.

73. It would be contrary to equity and fairness to allow the Defendants to retain the benefits derived from the Plaintiffs' work, at the expense of the Plaintiffs.

74. Plaintiffs are entitled to recover the value of their services rendered to the Defendants.

### FIFTH CLAIM FOR RELIEF
### **UNJUST ENRICHMENT**

75. The allegations in the preceding paragraphs of this complaint are incorporated by reference, as though pleaded in full herein.

76. If the Court finds that no contract exists, then the Plaintiffs are entitled to recover based on the doctrine of unjust enrichment.

77. Each Plaintiff performed work that benefited the Defendants.

78. Upon information and belief, Defendants received compensation for the work Plaintiffs performed.

79. The Plaintiffs' work was performed with the knowledge and consent of the Defendants.

80. The Defendants unjustly failed to pay the Plaintiffs for the benefits received.

81. This failure to pay was to the detriment of the Plaintiffs.

82. It would be contrary to equity and fairness to allow the Defendant to retain the benefits derived from the Plaintiffs' work, at the expense of the Plaintiffs.

83. Plaintiffs are entitled to recover the value of their services rendered to the Defendants.

### PRAYER FOR RELIEF

*WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:*

   a. Award Plaintiffs monetary damages for unpaid wages, plus liquidated damages in an equal amount and interest, as provided by the FLSA, 29 U.S.C. § 216(b), in an amount to be determined at trial;

   b. Award Plaintiffs compensatory damages for Defendants' violations of Connecticut common law (including breach of contract, breach of implied covenant of good faith and fair dealing, and breach of contract implied through quantum meruit);

   c. Award attorneys' fees and costs to Plaintiffs for legal services provided by the Jerome N. Frank Legal Services Organization pursuant to 29 U.S.C. § 216(b) (FLSA); and

   d. Grant such additional and further relief as the Court deems just and proper.

Dated: July 30, 2013

/s/ Carroll L. Lucht
Carroll L. Lucht
Juris No.: 04360
Attorney for Plaintiff
P.O.B. 209090
New Haven, CT 06520-9090
203-432-4800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading/document was mailed to <u>Five Stars Construction, Inc., Toll Brothers, Inc. and Alexander Miranda</u> at <u>Alexander Miranda and Five Stars Construction, Inc. c/o Frederick Paoletti, 3301 Main St. Bridgeport, Ct 06606 and Toll Brothers, Inc. 250 Gibraltar Rd Horsham, Pennsylvania, 19044</u> on July 31, 2013.

/s/ Carroll L. Lucht
Carroll L. Lucht
Juris No.: 04360
Jerome N. Frank Legal Services
P.O. Box 209090
New Haven, CT 06520-9090
(T) 203-432-4800
(F) 203-432-1222